**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5035

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEROME BRYANT JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Jr., District Judge.  (1:07-cr-00066-WO)

Submitted:  September 29, 2008        Decided:  October 8, 2008

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Jerome Bryant Jackson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2000). He was sentenced to 185 months' imprisonment and a five-year term of supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious grounds for appeal, but raising the issue of whether the federal prosecution violated the Double Jeopardy Clause. The Government has responded, and Jackson has filed a pro se supplemental brief. We affirm.

Defense counsel argues that Jackson's federal prosecution violates the prohibition against double jeopardy because he was previously charged by the state of North Carolina for the same conduct that formed the basis for his federal prosecution. The Double Jeopardy Clause protects a defendant from repeated prosecution for the same offense, including the right to have guilt or innocence decided in a proceeding once jeopardy has attached. Oregon v. Kennedy, 456 U.S. 667, 672-73 (1982). Jeopardy attaches in a jury trial when the jury is empaneled and sworn. Crist v. Bretz, 437 U.S. 28, 37-38 (1978); Serfass v. United States, 420 U.S. 377, 388 (1975).

Although the Double Jeopardy Clause generally protects against successive prosecutions for the same offense, the dual

2

sovereignty exception usually eliminates the double jeopardy bar to a federal prosecution after a state prosecution. See Heath v. Alabama, 474 U.S. 82, 89 (1985) ("[T]he Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government.") (citation omitted); Rinaldi v. United States, 434 U.S. 22, 28 (1977) ("[T]he Constitution does not deny the State and Federal Governments the power to prosecute for the same act.").

The only recognized exception to the dual sovereignty doctrine is the sham prosecution exception, which applies when federal and state prosecutors have manipulated the system in order to achieve the equivalent of a second prosecution. This exception requires proof that Jackson's federal prosecution was "a sham and a cover" for a second state prosecution. Bartkus v. Illinois, 359 U.S. 121, 124 (1959). We find no evidence of a sham prosecution; we therefore find Jackson's double jeopardy claim is without merit.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We further find Jackson's claims regarding his armed career criminal status raised in his pro se supplemental brief without merit. We therefore affirm Jackson's conviction and sentence. This court requires that counsel inform Jackson, in writing, of his right to petition the Supreme Court of the United

3

States for further review.  If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jackson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED